[No. 5573.]

## LA FITTE v. THE CITY OF FT. COLLINS.

1. **Cities and Towns — Intoxicating Liquors — Storing for Sale—Ordinances—Validity.**

   An ordinance against storing intoxicating liquors for the purpose of selling is not void as ultra vires because it does not limit, or attempt to limit, the sale of liquors to the territorial limits of the city, since, in the absence of language to the contrary, it will be presumed the council only intended it to operate within its jurisdiction.—P. 300.

2. **Appellate Practice — Abstract — Matters Not Included—How Treated.**

   Where the ordinance is not abstracted on appeal from a prosecution for violation of an ordinance against disorderly houses, error in the admission of evidence as to reputation of the house and of persons frequenting it cannot be reviewed, since its competency cannot be determined without a knowledge of the provisions of the ordinance.—P. 300.

*Appeal from the County Court of Larimer County.*
*Hon. J. Mack Mills, Judge.*

Marie La Fitte was convicted of certain offenses under an ordinance, and appeals.    *Affirmed.*

Mr. E. A. BALLARD and Mr. CHAS. M. BICE, for appellant.

Mr. CORNELIUS FERRIS, Jr., for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Two informations, charging appellant with the violation of ordinances of the city of Fort Collins,

were filed before the police magistrate of that city. One charged her with keeping and using certain rooms in the city for the storing of intoxicating liquors for the purpose of selling the same. The other charged her with keeping a disorderly house. She was convicted before the police magistrate on both charges, and appealed to the county court, where she was again convicted and fined. The cases were consolidated for the purpose of appeal to this court.

It is here urged that the ordinance, under which she was charged with keeping and using certain rooms for the storing of intoxicating liquors for the purpose of selling the same, is *ultra vires* and void, because it does not limit, or attempt to limit, the sale of such liquors to the territorial limits of the city of Fort Collins. The objection is not tenable. An examination of the ordinance discloses that it is only intended to cover sales of liquor made within the limits of the city, or within one mile of the outer boundaries thereof. Municipal ordinances are necessarily local in their application; and, in the absence of language employed from which the contrary can be inferred, the presumption is that it was not the intention of a city council that an ordinance should operate beyond the territorial limits of its jurisdiction.

With respect to the other case, it is urged that the court erred in permitting testimony to be introduced touching the character of the house antedating the time mentioned in the information; that error was committed in receiving testimony tending to prove the reputation of the persons frequenting her place of business; and that the house had the reputation of being disorderly. The ordinance of the city which she is charged with having violated by keeping a disorderly house is not abstracted. In this

state of the record we cannot determine what latitude should be allowed the prosecution in the introduction of testimony with respect to acts antedating the date of the offense charged in the information, nor what character of testimony would be competent to prove a violation of the ordinance in question.

The judgment of the county court must, therefore, be affirmed, and it is so ordered.    *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMPBELL concur.